IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LICH THANH VU; and ) <br> LAN THUY NGUYEN VU, ) <br> Personally, and as the Guardian of ) <br> LICH THANH VU, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JOSEPH D. GIBSON, and ) <br> CITY OF OKLAHOMA CITY, ) <br> ) <br> Defendants. ) | Case No. CIV-25-00426-JD |

---

**MOTION AND BRIEF OF PLAINTIFFS' COUNSEL
DEVON M. JACOB FOR RELIEF PURSUANT TO LCvR83.3(c)**

---

Plaintiffs' Counsel, Devon M. Jacob ("Counsel"), files this motion and brief, pursuant to LCvR83.3(c), to seek relief from the requirement to associate with local counsel. In support thereof, Counsel avers the following:

On April 14, 2025, Plaintiffs filed a Complaint (Doc. 1), pursuant to 42 U.S.C. § 1983, seeking damages. On June 15, 2025, Plaintiffs filed a First Amended Complaint (Doc. 13). On June 9, 2025, the Deputy Clerk of Court issued an Order (Doc. 12) providing:

> This action was filed in this Court on April 14, 2025 [Doc. No. 1]. Plaintiffs' counsel of record is Devon M. Jacob, whose offices are in Mechanicsburg, Pennsylvania. The Local Rules of this Court require non-resident attorneys who do not maintain an office in Oklahoma to

1

associate with local counsel. LCvR83.3(a). Accordingly, counsel for Plaintiff is directed to comply with this rule or move the Court for relief under LCvR83.3(c) no later than June 23, 2025.

LCvR83.3 (Association of Local Counsel) of the Local Rules provides in relevant part, the following:

> **(a) Responsibilities of Non-Resident Counsel.** When representing a party in this court, any attorney who is not a resident of, and does not maintain an office in, Oklahoma shall show association with an attorney who is personally appearing in the action and who is a resident of Oklahoma and maintains a law office within the State of Oklahoma, and who has been duly and regularly admitted to practice in this court.
> *****
> **(c) Relief from this Rule.** Relief from this rule is within the court's discretion upon motion establishing financial hardship, special qualifications of non-resident counsel, or other good cause, provided that out-of-state counsel certifies familiarity with the local civil court rules.

Pursuant to LCvR83.3(c), Counsel is seeking relief from the requirement to associate with local counsel because of "special qualifications of non-resident counsel." On May 12, 2025, the Court admitted Counsel in good standing to practice in this Court. *See Certificate of Good Standing, Exhibit 1.*

In 2002, Counsel became a member of the Bar of the Commonwealth of Pennsylvania. Counsel is a former deputy attorney general for the Commonwealth of Pennsylvania, where he defended the Commonwealth and its officials and employees almost exclusively in civil rights cases. For approximately eight years, Counsel worked in an insurance defense law firm, representing municipalities and their officials and employees, almost exclusively in civil rights cases. In total,

2

Counsel spent approximately 10 years serving as defense counsel in civil rights cases.

Subsequently, Counsel joined a plaintiff's law firm, as the head of civil litigation, where for approximately two years, he supervised an associate and staff, while overseeing a civil rights practice devoted largely to the prosecution of civil rights cases. In November of 2013, Counsel opened the law firm of Jacob Litigation, a national civil rights law firm. Since the start of Jacob Litigation and continuing to date, Counsel has prosecuted plaintiffs' civil rights cases almost exclusively.

Counsel has prosecuted many of the nation's highest profile civil rights cases. He is co-counsel with Attorney Benjamin L. Crump, of Ben Crump Law, PLLC, representing, among others, the families of George Floyd (Minnesota), Hunter Brittain (Arkansas), Pamela Turner (Texas), Christian Hall (Pennsylvania), Emantic "EJ" Bradford (Alabama), and Eboni Pouncy (Texas). He has also represented high profile persons in civil rights matters that did not result in litigation, including Tyreek Hill of the Miami Dolphins, and Bill Kapri a/k/a Kodak Black.

According to PACER records, undersigned counsel has litigated civil rights cases in 21 federal district courts nationally. To do so, he has either joined the bar of the court if the local rules permitted or obtained *pro hac vice* admission to the court. At all times, Counsel remained in good standing. But for a few cases where local rules made it mandatory in all circumstances, Counsel has not been required to

associate with local counsel. When the Court had discretion, the Court did not require it.

Counsel has federal jury trial experience to include a lengthy civil rights trial in the District of Arizona, before District Judge John J. Tuchi, who exercised his discretion and did not require Counsel to have to associate with local counsel. Counsel is a certified federal mediator in the United States District Court for the Middle District of Pennsylvania. He also has 10 years of related subject matter experience, having served as a 911 operator, firefighter and police officer.

Counsel is an active member of the American Association for Justice (AAJ) (formerly ATLA). In 2015, Counsel was elected Chair of the national civil rights section of AAJ. In July of 2018, Counsel was elected Chair of the national police misconduct litigation group of AAJ. Since 2022, Counsel has been featured on the Pennsylvania Super Lawyers list, again having been recognized by his peers as one of the nation's top civil rights lawyers.

In 2021, Counsel received the Leonard Weinglass in Defense of Civil Liberties Award from the American Association for Justice (AAJ) (formerly ATLA) for his work in the George Floyd case. In 2024, Counsel was recognized by his peers as one of the top 500 civil rights and employment lawyers in the nation and was added to The 2024 Lawdragon 500 Leading Civil Rights & Employment Lawyers

list. On several occasions, Counsel has been a guest on Court TV and is often interviewed by various news agencies regarding law enforcement matters.

Counsel believes that based on his extensive knowledge and experience related to prosecuting and defending civil rights cases, good cause exists to provide him with relief pursuant to LCvR83.3(c) from having to associate with local counsel.

As a result of Counsel's extensive experience in litigating civil rights cases on behalf of both plaintiffs and defendants, more likely than not, local counsel will have significantly less experience in litigating civil rights cases. As such, it would be unfair to require plaintiffs to incur the additional cost for Counsel to associate with less experienced counsel simply because their chosen Counsel's office has an out of state address.

As a member of the court's bar, Counsel does not need local counsel to obtain *pro hac vice* admission. Counsel has also obtained ECF filing privileges and has demonstrated his ability to properly file documents via ECF with the Court.

As a member of the Court's bar, Counsel is bound by the court's disciplinary rules. In the event the Court later determines that association with local counsel would be appropriate and necessary, association could simply be required at that later date. Being required to associate with local counsel will needlessly increase the cost of litigation and make the scheduling of depositions, hearings, and trial, more difficult due to the need to coordinate schedules with an additional lawyer.

Pursuant to LCvR83.3(c), Counsel certifies that he has reviewed and familiarized himself with the Local Rules of this court, and specific to the above captioned matter, Judge Dishman's Chambers Procedures for Civil Cases (January 24, 2025). Counsel will always do his best to comply with same.

In accordance with Judge Dishman's Chambers Procedures, Counsel served a copy of a draft of this motion on Attorney Katie Goff, Counsel for the City, to seek her concurrence in same. Ms. Goff's position is "I do not concur. I believe this case will benefit all around from the addition of local counsel as ordered by the court."

Respectfully, considering local counsel for the Defendant City's non-concurrence, it must be noted that out of state Counsel for Plaintiffs complied with Judge Dishman's Chambers Procedures in conferring with counsel before filing this motion, whereas local counsel for the Defendant City did not comply with Judge Dishman's Chambers Procedures before filing her Motion to Strike (Doc. 9). As a result, local counsel filed a motion that did not need to be filed. The obvious point being, the issue of whether out of state counsel should be required to associate with local counsel should not be decided merely by the address of the law firms involved.

WHEREFORE, Counsel respectfully requests that the court grant him relief, pursuant to LCvR83.3(c), from having to presently associate with local counsel.

**Respectfully Submitted,**

/s/ *Devon M. Jacob*                                                  Date: June 20, 2025
**DEVON M. JACOB, ESQUIRE**
PA Bar Number: 89182
**JACOB LITIGATION, INC.**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com

*Plaintiffs' Counsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LICH THANH VU; and<br>LAN THUY NGUYEN VU,<br>Personally, and as the Guardian of<br>LICH THANH VU,<br><br>      Plaintiffs,<br><br>v.<br><br>JOSEPH D. GIBSON, and<br>CITY OF OKLAHOMA CITY,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-25-00426-JD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I served a copy of MOTION AND BRIEF OF PLAINTIFFS' COUNSEL DEVON M. JACOB FOR RELIEF PURSUANT TO LCvR83.3(c) to all counsel of record via ECF.

**/s/ *Devon M. Jacob***                                                **Date: June 20, 2025**
**DEVON M. JACOB, ESQUIRE**