IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LICH THANH VU,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | Case No. CIV-25-00426-JD |
| ) | |
| **v.** ) | |
| ) | |
| **JOSEPH D. GIBSON,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFFS' CERTIFICATE OF CONFERENCE

**AND NOW** come the Plaintiffs, LICH THANH VU; and LAN THUY NGUYEN VU, Personally, and as the Guardian of LICH THANH VU; by and through their counsel, DEVON M. JACOB, ESQUIRE, of the law firm of JACOB LITIGATION, INC., to certify and aver the following:

1. On June 15, 2025, in response to Defendant City's first motion filed pursuant to FED.R.CIV.P. 12, Plaintiffs filed a First Amended Complaint (Doc. 13).

2. On June 27, 2025, Defendant City filed an Answer (Doc. 17).

3. On July 18, 2025, Defendant Gibson filed a Partial Motion to Dismiss and Brief (Doc. 23) pursuant to FED.R.CIV.P. 12.

4. Footnote 1 of Defendant Gibson's motion provides, "Pursuant to the Chamber Procedures for Civil Cases issued by Judge Dishman on January 24, 2025, counsel for Defendant Gibson reached out to Plaintiffs' counsel regarding the filing of this motion in a good-faith attempt to resolve the issues addressed herein. As of the filing of

1

this Motion, counsel for Defendant Gibson has not received any response from Plaintiffs' counsel."

5. On July 21, 2025, the Court issued an Order (Doc. 24), which provides in relevant part, the following:

> The Court ORDERS the parties to confer prior to Plaintiffs filing their response. Plaintiffs' response shall include a certificate of conference advising the Court of the parties' efforts and summarizing all matters that have been resolved by agreement.

6. It appears from the Court's Order that footnote 1 of Defendant Gibson's motion left the Court with the impression that undersigned counsel did not cooperate with opposing counsel in violation of Judge Dishman's Chamber Procedures for Civil Cases.

7. Undersigned counsel assures the Court that that is not what occurred.

8. What footnote 1 of Defendant Gibson's motion did not explain was that it was not until the day before the filing of the motion that Defense counsel reached out to undersigned counsel to confer.

9. While Defense counsel did not do anything wrong in waiting until that date to request to confer, unfortunately, undersigned counsel was not immediately available because he was scrambling to get out of the office due to an early flight the next morning to travel to California on business.

10. By the time undersigned counsel had reached his destination and had a moment to catch up on emails and messages, Defense counsel had already filed the motion.

11. Undersigned counsel has reviewed the motion, and on August 7, 2025, conferred with Defense counsel (W.R. Moon) by telephone.

12. Plaintiff generally agrees with the issues raised by Defendant Gibson.

13. To address the issues raised by Defendant Gibson in his first motion filed pursuant to FED.R.CIV.P. 12, Plaintiffs are filing a Second Amended Complaint pursuant to FED.R.CIV.P. 15(a)(1)(B) to accomplish the following:

14. Plaintiff Lich Vu agrees with Defendant Gibson that if he acted "under color of law" *and* within the "scope of his employment" when he used the force at issue, Plaintiff's claim against him asserted pursuant to Article 2, § 30 of the Oklahoma State Constitution, should be dismissed.

15. In his amended pleading, Plaintiff is not asserting the Article 2, § 30 claim against the City because the Oklahoma Governmental Tort Claims Act (OGTCA) claim is still pending.

16. If it is determined that Defendant Gibson acted "under color of law" but *not* within the "scope of his employment"[1] when he used the force at issue, Plaintiff Lich Vu believes that the Oklahoma Supreme Court would agree that Plaintiff may assert an Article 2, § 30 claim against Defendant Gibson. Defendant Gibson, however, does not agree.

17. In his amended pleading, Plaintiff is amending the Article 2, § 30 claim to plead it in the alternative against Defendant Gibson.

18. Plaintiff Lich Vu agrees with Defendant Gibson that if he acted "under color of law" *and* within the "scope of his employment" when he used the force at issue, Plaintiff's Assault and Battery claim against him must be dismissed.

---

[1] Defendant City has asserted (in the alternative) a related defense. *See Answer (Doc. 17)*, Affirmative Defenses, at ¶ 16.

19.     If it is determined that when Defendant Gibson used the force at issue he (a) acted "under color of law" but *not* within the "scope of his employment," or (b) *neither* acted "under color of law" *nor* within the "scope of his employment," Plaintiff Lich Vu may assert an Assault and Battery claim against Defendant Gibson. Defendant Gibson does not agree.

20.     In his amended pleading, Plaintiff is amending the Assault and Battery claim to plead it in the alternative against Defendant Gibson.

21.     Plaintiffs agree with Defendant Gibson that the state law Intentional Infliction of Emotional Distress claim should be dismissed. As such, Plaintiff is not reasserting this claim.

22.     Finally, because the OGTCA claim is still pending, Plaintiffs are not reasserting the *Respondeat Superior* claim against the City because it was prematurely asserted.[2]

---

[2] While withdrawing this claim is not in direct response to Defendant Gibson's first motion filed pursuant to FED.R.CIV.P. 12, pursuant to FED.R.CIV.P. 11(b)(2), counsel is precluded from signing and filing a Second Amended Complaint that includes the claim that he now realizes was prematurely asserted.

**Respectfully Submitted,**

<u>**/s/** ***Devon M. Jacob***</u>                                          **Date: August 8, 2025**
**DEVON M. JACOB, ESQUIRE**
PA Bar Number: 89182
**JACOB LITIGATION, INC.**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com

*Plaintiffs' Counsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LICH THANH VU,** *et al.,* | ) |
| | ) |
| Plaintiffs, | ) Case No. CIV-25-00426-JD |
| | ) |
| v. | ) |
| | ) |
| **JOSEPH D. GIBSON,** *et al.,* | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I served a copy of Plaintiffs' Certificate of Conference to all counsel of record via ECF.

**/s/** *Devon M. Jacob*          **Date: August 8, 2025**
**DEVON M. JACOB, ESQUIRE**