## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LICH THANH VU; and )
LAN THUY NGUYEN VU, Personally )
And as the Guardian of LICH THANH VU, )
                                                                                              )
     Plaintiff, )
                                                                                              )    CIV-2025-426-JD
v. )
                                                                                              )    JURY TRIAL DEMANDED
JOSEPH D. GIBSON, and )
CITY OF OKLAHOMA CITY, )
                                                                                              )
     Defendants. )

## ANSWER OF DEFENDANT CITY OF OKLAHOMA CITY TO PLAINTIFFS' SECOND AMENDED COMPLAINT[1]

COMES NOW a Defendant, the City of Oklahoma City (hereinafter "City" or "this Defendant"), and for its Answer to the Second Amended Complaint of Plaintiffs filed herein, alleges and states as follows:

**I.    JURSIDCTION AND VENUE**

1. This paragraph is a statement of law not requiring a response. To the extent a response is required, denied.

2. This paragraph is a statement of law not requiring a response. To the extent a response is required, denied.

3. This paragraph is a statement of law not requiring a response. To the extent a response is required, denied.

---

[1] Plaintiffs' FN 1 does not contain allegations against this Defendant which warrant a response.

1

## II. IDENTIFICATION OF PARTIES

4. The City is without sufficient information to admit or deny, therefore, denied.

5. The City is without sufficient information to admit or deny, therefore denied.

6. Admitted to the extent Defendant Gibson was employed by Oklahoma City as a sergeant at the time of the alleged incident; otherwise, denied as written.

7. Denied as written.

## III. MATERIAL FACTS

### "GIBSON Used Excessive Force Against LICH VU"

8. Admitted.

9. Denied as to use of the phrase "minor vehicle accident," otherwise, admitted.

10. Admitted to the extent that Gibson spoke with Lich Vu, otherwise, denied.

11. City is without sufficient information to admit or deny, therefore denied.

12. City is without sufficient information to admit or deny, therefore denied.

13. City is without sufficient information to admit or deny, therefore denied. City further denies the embedded pictures without an identified source are proper or probative of this paragraph.

14. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied.

15. This paragraph does not contain allegations against this Defendant. To the extent a response is required, City is without sufficient information to admit or deny what Gibson "believed," therefore, denied.

16. Admitted to the extent that Gibson wrote Plaintiff a citation which Plaintiff refused to sign, otherwise, denied.

17. Denied.

18. Admitted only to the extent that Lich Vu refused to sign the citation, otherwise, denied.

19. Denied as written. [2]

20. Admitted to the extent that Vu told the officer to shut up and that his hand illegally made contact with the officer's chest and that Vu seemed frustrated, otherwise, denied as written.

21. Admitted to the extent that Lich Vu gestured for the officer to be quiet, otherwise, denied. City also denies the embedded, sourceless picture is proper or probative.

22. Denied.

23. Admitted to the extent this is text from the officer's report, otherwise denied.

24. Denied.

25. Denied.

26. City is without sufficient information to admit or deny what Gibson "perceived," therefore, denied.

27. Admitted to the extent this language appears in the report, otherwise denied.

28. Denied.

29. Denied.

---

[2] Plaintiffs' FN 2 is denied as written.

30. Denied.

31. Denied.

32. Denied as written.

33. Denied. Further, the probative value and propriety of the unsourced photos included in this paragraph is denied.

34. This paragraph does not include any allegations which would require a response. To the extent a response is required, denied. Further, the City denies the probative value or even the propriety of Plaintiffs attaching exhibits herein.[3]

35. This paragraph does not include allegations against this Defendant. To the extent a response is a required, denied as written.

36. This paragraph does not include any allegations which require a response. To the extent a response is required, denied as written.

37. This paragraph does not include any allegations which require a response. To the extent a response is required, denied as written.

38. Denied as written.

39. Denied as written.

40. Denied as written as to the word "slammed." Further, the City is without sufficient information to admit or deny the remainder of this paragraph, therefore, it is denied.

41. Denied as written.

---

[3] Plaintiff's FN 3 is denied.

### "GIBSON Threatened to Pepper Spray LAN VU When She Came to LICH VU'S Aid and Attempted to Photograph His Injuries"

42. This paragraph does not contain allegations against this Defendant. To the extent a response is required, admitted to the extent Lan Vu stated an ambulance needed to be called, otherwise, the City is without sufficient information to admit or deny, therefore denied.

43. This paragraph does not contain allegations against this Defendant which would require a response. To the extent a response is required, this Defendant is without sufficient information to admit or deny, therefore denied as written.

44. This paragraph does not contain allegations against this Defendant which would require a response. To the extent a response is required, this Defendant is without sufficient information to admit or deny, therefore denied as written.

45. This paragraph does not contain allegations against this Defendant which would require a response. To the extent a response is required, this Defendant is without sufficient information to admit or deny, therefore denied.

46. Denied. Further the City denies the probative value or even the propriety of Plaintiffs attaching exhibits.

47. Denied.

### "Officer Dakota R. Lewis Assists GIBSON"

48. This paragraph does not contain allegations against this Defendant, and a response is not required. To the extent a response is required, admitted.

49. This paragraph does not contain allegations against this Defendant a response is not required. To the extent a response is required, admitted to the extent that Gibson said those words to Lewis.

50. Admitted except as to the word "began" which is denied as written.

51. Admitted.

52. This Defendant is without sufficient information to admit or deny, therefore, denied as written.

53. This Defendant is without sufficient information to admit or deny, therefore, denied as written.

### "**GIBSON Told Medical Personnel that LICH VU 'Fell'**"

54. This paragraph does not contain any allegations against this Defendant. To the extent a response is required, denied as written.

55. This paragraph does not contain any allegations against this Defendant. To the extent a response is required, this Defendant is without sufficient information to admit or deny; therefore, this paragraph is denied as written.

56. Denied.

57. Admitted to the extent the quoted text was stated by Gibson. Denied as to the word "instead."

### "**LICH VU Suffered Serious and Life-threatening Injuries**"

58. This paragraph and its subparts "a" through "e" are denied.

59. This Defendant is without sufficient information to admit or deny, therefore denied.

60. This Defendant is without sufficient information to admit or deny, therefore denied.

61. Denied.

## "GIBSON Made Several False Reports to Law Enforcement"[4] [5]

62. This paragraph does not contain any allegations against this Defendant, so a response is not required. To the extent a response is required, the City is without sufficient knowledge to admit or deny what Gibson was "conscious of," therefore, admitted to the extent that Oklahoma City officers know when they wear body cameras but otherwise denied.

63. This paragraph does not contain any allegations against this Defendant, so a response is not required. To the extent a response is required, the City is without sufficient information to admit or deny what Gibson "knew," therefore, denied.

64. This paragraph does not contain any allegations against this Defendant, so a response is not required. To the extent a response is required, the City is without sufficient information to admit or deny what Gibson "knew;" therefore, denied.

65. This paragraph does not contain any allegations against this Defendant, so a response is not required. To the extent a response is required, the City is without sufficient information to admit or deny what Gibson "knew," therefore, denied.

66. This paragraph does not contain any allegations against this Defendant, so a response is not required. To the extent a response is required, the City is without sufficient information to admit or deny what Gibson "assumed" therefore, denied.

---

[4] Plaintiffs' FN 4 is a statement of law not requiring a response.
[5] Plaintiffs' FN 5 is a statement of law not requiring a response.

67. This paragraph does not contain any allegations against this Defendant, so a response is not required. To the extent a response is required, admitted only to the extent that the quotation appears in Lewis' report; otherwise, the City is without sufficient information to admit or deny what Gibson "apparently told Officer Lewis" so this paragraph is denied.

68. This paragraph does not contain any allegations against this Defendant, so a response is not required. To the extent a response is required, admitted only to the extent this quotation appears in the report, otherwise denied.

69. This paragraph is admitted only to the extent this language was included on the citation, otherwise, denied as written.[6]

70. This paragraph does not contain any allegations against this Defendant, so a response is not required. To the extent a response is required, to the extent a response is required, the City admits Lt. Gary asked Gibson "what happened?" This is otherwise denied as written.

71. This paragraph does not contain allegations against this Defendant, so a response is not required. To the extent a response is required, admitted.

72. Denied as written due to the use of the word "inexplicably."

73. This paragraph does not contain allegations against this Defendant, so a response is not required. To the extent a response is required, this Defendant is without sufficient information to admit or deny what Gibson "did not know," therefore denied.

---

[6] City is without sufficient information to admit or deny FN 6; therefore, it is denied.

74. This paragraph does not contain any allegations, thus a response is not required. However, the City denies the probative value and propriety of the attached exhibit.

75. This paragraph does not contain any allegations against this Defendant. To the extent a response is required, denied.

76. This paragraph does not contain any allegations against this Defendant. To the extent a response is required, the City admits the quoted text appears in an Oklahoma City Police report, otherwise, denied.

### "OKPD Had Notice of De-escalation and Take-down Issues"

77. Admitted.

78. Admitted that this language appeared in the statement, otherwise, denied.

79. This paragraph and its subpart "a" are denied.

80. Denied.

81. Denied.

82. Denied as written.

83. Denied.

### "CITY Retains Expert: 21CP Solutions: Additional Notice Provided"

84. Admitted.

85. Admitted to the extent this language is in the report. Denied as it is presented here without context.

86. Admitted to the extent this language is in the report. Denied as it is presented here without context.

87. Admitted to the extent this language is in the report. Denied as it is presented here without context.

### "United States Department of Justice Civil Rights Division"

88. Admitted; however, the DOJ retracted its findings before the filing of the Amended Complaint and Second Amended Complaint.

89. City is without sufficient information to admit or deny why the DOJ created its now retracted report, therefore, denied.

90. Admitted to the extent this language appears in the retracted report. Denied as it is presented here without context, and the DOJ has retracted its findings, including this language.

91. Admitted to the extent this language appears in the retracted report. Denied in that it is presented here without context, and the DOJ has retracted its findings, including this language.

IV. **LEGAL CLAIMS**[7]

## COUNT I

**LICH VU v. GIBSON**
*Fourth Amendment (Excessive Force)*
*Pursuant to 42 U.S.C. § 1983*

92. City's Answer to Paragraphs 1 to 91 are incorporated herein by reference.

93. This is a statement of law not requiring a response.

94. This is a statement of law not requiring a response.

---

[7] FN 7 contains a statement of law not requiring a response.

95. This is a statement of law not requiring a response.

96. This paragraph is not alleged against this Defendant. To the extent a response is required, denied.

97. This paragraph is not alleged against this Defendant. To the extent a response is required, denied.

98. This paragraph is not alleged against this Defendant. To the extent a response is required, denied.

99. This paragraph is not alleged against this Defendant. To the extent a response is required, denied.

100. This paragraph is not alleged against this Defendant. To the extent a response is required, denied.

101. This paragraph is not alleged against this Defendant. To the extent a response is required, denied.

102. This paragraph is not alleged against this Defendant. To the extent a response is required, denied.

103. This paragraph is not alleged against this Defendant. To the extent a response is required, denied.

104. This paragraph is not alleged against this Defendant. To the extent a response is required, denied.

105. This paragraph is not alleged against this Defendant. To the extent a response is required, denied.

106. This paragraph is not alleged against this Defendant. To the extent a response is required, denied.

## COUNT II

### LICH VU v. CITY
### Fourth and Fourteenth Amendments (Monell)
*Pursuant to 42 U.S.C. § 1983*

107. City's Answer to Paragraphs 1 to 107 are incorporated herein by reference.

108. This is a statement of law not requiring a response. To the extent a response is required, denied.

109. This is a statement of law not requiring a response. To the extent a response is required, denied as applied to these facts.

110. This is an improper legal conclusion not requiring a response. To the extent a response is required, admitted only to the extent Gibson was a City employee at the time of the alleged incident.

111. This is an improper legal conclusion not requiring a response. To the extent a response is required, the City is without sufficient information to admit or deny, therefore, denied except to the extent Gibson was employed as an Oklahoma City police officer who is subject to the policies, procedures, training, and rules of the Oklahoma City Police Department at the time of the alleged incident.

112. This is a statement of law not requiring a response. To the extent a response is required, denied.

113. This is a statement of law not requiring response. To the extent a response is required, admitted.

114. Admitted to the extent this language was included in Drummond's statement; however, this Defendant is without sufficient information to admit or deny what Plaintiffs' counsel supposes this "confirms;" therefore, denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

## COUNT III

**LICH VU v. GIBSON**
Excessive Force
*(Pursuant to Oklahoma Constitution, art. 2, § 30)*
*(Pled in the Alternative)*

120. City's Answer to Paragraphs 1 to 119 are incorporated by reference.

121. This paragraph does not contain allegations against this Defendant.

122. This is a statement of law not requiring a response.

123. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied.

124. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied.

125. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied.

126. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied.

127. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied.

128. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied as written.

129. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied as written.

130. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied as written.

131. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied.

132. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied as written.

133. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied.

134. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied.

## COUNT IV

**LICH VU v. GIBSON**
**Assault and Battery**
*(Pursuant to Oklahoma State Law)*
*(Pled in the Alternative)*

135. City's Answer to Paragraphs 1 to 134 are incorporated herein by reference.

136. This paragraph does not contain allegations against this Defendant.

137. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied.

138. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied.

## COUNT V

**Plaintiffs v. GIBSON**
**Loss of Consortium**
*(Pursuant to Oklahoma State Law)*

139. City's Answer to Paragraphs 1 through 138 are incorporated herein by reference.

140. This paragraph does not contain allegations against this Defendant. To the extent a response is required, this Defendant is without sufficient information to admit or deny, therefore, denied.

141. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied.

142. This paragraph does not contain allegations against this Defendant. To the extent a response is required, denied.

## V. REQUEST FOR RELIEF

143. The City denies the prayers for relief in Section V of Plaintiffs' Amended Complaint, including the introductory paragraph as well as subparts (A) through (F).

## VI. JURY TRIAL DEMAND

144. In the event the case against the City is not disposed of through a Motion for Summary Judgment or other means, the City also demands a Jury Trial.

## AFFIRMATIVE DEFENSES

COMES NOW a Defendant, City of Oklahoma City, and for its Affirmative Defenses states as follows:

1. Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted under state or federal law.

2. The conduct of Plaintiffs caused or contributed to their alleged injuries and damages.

3. That all relevant OCPD training and its policies, procedures, rules and/or customs and practices are and were constitutional and not the cause of the Plaintiffs' alleged injuries and damages.

4. That the OCPD's training on response to resistance, use of force and other relevant areas was constitutional.

5. The City is not responsible for any conduct, criminal or otherwise, of third parties, including the Plaintiffs, who caused the injuries and damages allegedly sustained by Plaintiffs.

6. The contributory negligence of the Plaintiffs was the intervening/supervening cause of their injuries and damages.

7. The Plaintiffs did not comply with the Oklahoma Governmental Tort Claims Act.

8. The Court does not have jurisdiction over any state law allegations against the City pursuant to the Oklahoma Governmental Tort Claims Act.

9. Plaintiffs' damages are limited or barred by the Oklahoma Governmental Torts Claim Act.

10. Plaintiffs are not entitled to punitive damages against the City or its employees in their official capacities.

11. Defendant City is exempt from liability pursuant to the Oklahoma Governmental Tort Claims Act.

12. Any *de facto* policies alleged by Plaintiffs to be the policies of the City in regard to this matter are not the policies of the Defendant City.

13. The involved officer's actions were constitutional and consistent with the policies and training of the Defendant City, at the subject time.

14. The actions alleged to have been committed by Gibson, if true, would place him outside the scope and course of his employment and the City would not be liable.

15. There was probable cause for the arrest of Lich Vu.

16. The City cannot be liable for any Federal Constitutional violation resulting from the acts of its employees under the doctrine of respondeat superior or vicarious liability.

17. The subject use of force/response to resistance was objectively reasonable under the totality of the circumstances.

18. Plaintiff has failed to set forth any allegation which would create a material issue of fact as the requisite culpable state of mind on behalf of Defendant City.

19. The Department of Justice retracted its findings against the City of Oklahoma City prior to the filing of the Amended Complaint and Second Amended Complaint.

20. Plaintiffs' Second Amended Complaint does not comply with the Federal Rules.

21. The criminal acts of Lich Vu and/or Lan Vu are the direct cause of their alleged injuries.

22. The criminal acts of Lich Vu and/or Lan Vu amount to a supervening act and are the sole cause of their alleged injuries.

WHEREFORE, Defendant, City of Oklahoma City, having answered Plaintiffs' Second Amended Complaint, requests that this Court grant it judgment against Plaintiffs, its costs and attorney fees.

Respectfully Submitted,

Kenneth Jordan
Municipal Counselor

/s/ Katie Goff
Sherri R. Katz, OBA #14551
Katie Goff, OBA# 32402
Justin Ashlock, OBA# 33459
Assistant Municipal Counselors
200 N. Walker, Suite 400
Oklahoma City, OK 73102
(405) 297-2451
sherri.katz@okc.gov
katie.goff@okc.gov
justin.ashlock@okc.gov
*Attorneys for Defendant City*

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August 2025, I electronically transmitted the foregoing Answer to Second Amended Complaint to the Clerk of the Court using the ECF filing system and transmittal of a Notice of Electronic Filing to the ECF registrants on file herein.

/s/ Katie Goff
Assistant Municipal Counselor