## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LICH THANH VU; et al.,       )
           )
       Plaintiffs,       )   **Case No. CIV-25-00426-JD**
           )
v.            )
           )
JOSEPH D. GIBSON, et al.,     )
           )
       Defendants.     )

---

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT GIBSON'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

---

On April 14, 2025, Plaintiffs filed a Complaint (Doc. 1), pursuant to 42 U.S.C. § 1983, seeking damages. On June 15, 2025, Plaintiffs filed a First Amended Complaint (Doc. 13). On August 8, 2025, Plaintiffs filed a Second Amended Complaint (Doc. 26).

On August 22, 2025, Defendant City filed an Answer (Doc. 30). On the same date, Defendant Gibson filed a Partial Motion to Dismiss (Doc. 31). This brief is filed in opposition to Defendant Gibson's Motion to Dismiss.

## I. VU STATED A CLAIM AGAINST GIBSON PURSUANT TO ART. 2, § 30 OF THE OKLAHOMA STATE CONSTITUTION UPON WHICH RELIEF MAY BE GRANTED.

In Count III, Plaintiff alleges a claim against Gibson, pursuant to Oklahoma Constitution, art. 2, § 30. "This claim is pled in the alternative – in the event it is determined that Gibson acted under 'color of law' but not within the 'scope of his

employment.'" *See Second Amended Complaint at ¶ 121.* Thus, the entirety of Gibson's argument regarding conduct alleged to be *within* the scope of employment is not relevant.

Regarding the claim alleged, the Oklahoma Governmental Tort Claims Act ("OGCTA") provides in relevant part, the following:

> If an action is commenced alleging tort liability on the part of the state or a political subdivision of the state or an employee of the state or of a political subdivision of the state **based on a provision of the Oklahoma Constitution or state law other than The Governmental Tort Claims Act**, the action shall name as defendant the state or political subdivision against which liability is sought to be established. In no instance in any such action shall an employee of the state or of a political subdivision of the state acting within the scope of employment be named as defendant; **provided, however, such person may be named as defendant under alternative allegations that such person did not act within the scope of employment.**

*OGCTA, 51 O.S. § 153(C) (2024) (emphasis added).* Thus, the OGCTA expressly permits claims "based on a provision of the Oklahoma Constitution," against "an employee . . . of a political subdivision of the state . . . under alternative allegations that such person did not act within the scope of employment." *OGCTA, 51 O.S. § 153(C) (2024).*

The Defendant notes that in *Bosh v. Cherokee County Building Authority,* 305 P.3d 994 (Okla. 2013), the Oklahoma Supreme Court held that Okla. Const. art 2, § 30, "created a private right of action against governmental entities as employers." *See Defendant's Motion (Doc. 31) at p.3.* The Defendant is correct. However, despite

the Court's holding being misconstrued by numerous courts, as discussed below, the Court did *not* limit the private right of action to governmental entities only.

Citing *Perry v. City of Norman,* 341 P.3d 689 (Okla. 2014), Gibson argues that no private cause of action exists pursuant to Okla. Const. art 2, § 30, against a police officer acting under color of law but outside the scope of his employment, "because the plaintiff's remedy 'belongs exclusively within the confines of the OGTCA and a jury's determination concerning whether the police officers were acting within the scope of their employment under the OGTCA.'" *See Defendant's Motion (Doc. 31) at p.4 (quoting Perry v. City of Norman,* 341 P.3d 689, 693 (Okla. 2014)). But this is a misunderstanding and misapplication of *Perry.*

As previously explained, the text of the OGTCA expressly authorizes claims against individuals who act outside the scope of employment. Furthermore, the function of the OGTCA is to (1) identify claims for which immunity is waived or not waived, (2) for claims where immunity is waived, provide an administrative process that must be exhausted before filing a lawsuit, (3) for claims where immunity is waived, sets limitations on the type and amount of damages available for said claims. *See 51 O.S. § 153(A)-(C).* The OGTCA, however, expressly recognizes that claims subject to the OGTCA may only exist because of state statutes or the Oklahoma Constitution. *51 O.S. § 153(B)* ("If a court of competent jurisdiction finds tort liability on the part of the state or a political subdivision of the state based on a

provision of the Oklahoma Constitution or state law **other than** The Governmental Tort Claims Act, the limits of liability provided for in The Governmental Tort Claims Act shall apply.") (emphasis added).

In *Perry*, Plaintiff sued a governmental entity, but unlike in *Bosch,* only asserted a common law tort claim pursuant to the OGTCA (not the Oklahoma Constitution) alleging excessive force. The Court held that with respect to governmental entity liability for common law torts, while the OGTCA recognizes a claim, the OGTCA specifically exempts the tort alleging excessive force from the waiver of tort immunity. *See Perry,* 341 at 693 ("claims for excessive force against a municipality may not be brought against a governmental entity when a cause of action under the OGTCA is available.").

Gibson argues that *Barrios v. Haskell County Public Facilities Authority,* 432 P.3d 233, 238-239 (Okla. 2018), supports his argument. It too does not. In *Barrios,* the Oklahoma Supreme Court was asked to answer the following certified question:

> The Governmental Tort Claims Act renders the State immune from any tort suit arising out of the "[p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility." Do Sections 7 and 9 of Article II of the Oklahoma Constitution nonetheless allow an inmate to bring a tort claim for denial of medical care?

The Court held that "Because the Legislature responded to our decision in Bosh by amending the Governmental Tort Claims Act ("GTCA"), 51 O.S. §§ 151 et seq., to clarify that the **State's** immunity from suit extended even to so-called

'constitutional' torts, we answer the first question 'no.'" *Barrios,* 432 P.3d at 233 (emphasis added). In *Barrios*, unlike the instant matter, the claim was for something other than excessive force. Moreover, like in *Bosch* and *Perry,* the Court's holding addressed only the issue of the scope of a governmental entity's immunity. The Court, however, did not address whether a private cause of action exists pursuant to Okla. Const. art 2, § 30, against a police officer acting under color of law *but outside the scope of his employment*, as that issue was not before the Court.

Gibson notes that in *Koch v. Juber,* 2014 WL 2171753, at *3 (W.D. Okla. May 23, 2014) "Judge Heaton found that art. 2, § 30 excessive force claims applied to municipal liability and that there is no basis for extending liability beyond the employer." Gibson is correct that the holding is such. The Court in *Koch*, however, was only asked to decide if individual Defendants could "be held accountable ***under the doctrine of respondeat superior*** for a violation of the Oklahoma Constitution[.]" *Id.* (emphasis added). In the section of the Court's decision titled "*Respondeat Superior*" the Court answered that question in the negative "because they were not the guards' employer, but at most their coworkers. *See Koch v. Juber,* 2014 WL 2171753, at *3. Like *Bosch, Perry,* and *Barrios,* the issue of whether a private cause of action exists pursuant to Okla. Const. art 2, § 30, against a police officer acting under color of law *but outside the scope of his employment* was not before the Court.

5

Finally, Gibson looks to *Morris v. Humphrey,* 2014 WL 3488895 (W.D. Okla. July 11, 2014); *Duvall v. Oklahoma State Board of Osteopathic Examiners,* 2018 WL 6333708 (W.D. Okla. Aug. 10, 2018); and *Washington v. Rogers,* 2019 WL 5191830 (W.D. OK. Oct. 15, 2019); for support. A close reading of these cases, however, reveals that *Duvall, Washington,* and *Morris,* are all anchored to the same flawed premise—namely, that the Court in *Bosh* decided the issue. *See Morris,* 2014 WL 3488895, at *2 ("liability under Bosh is directed to the 'employer,' rather than 'supervisors.' . . . because Humphrey, individually, is not their employer, the Court finds Humphrey in his individual capacity is entitled to dismissal of Morris' section 30 claim for relief."); *Duvall,* 2018 WL 6333708, at *8 ("This Court has "f[ound] no basis in Bosh for extending liability beyond the employer"); *Washington,* 2019 WL 5191830, at *4 ("Plaintiff's claim under any of those constitutional provisions fails because Bosh does not extend to individual employees.")

Not only did the Court in *Bosh* not decide the issue of whether a private cause of action exists pursuant to Okla. Const. art 2, § 30 against a police officer acting under color of law but outside the scope of his employment, the issue was not before the Court. Rather, in *Bosh,* the Court was asked to decide questions certified to the Court: (1) whether a private cause of action against a governmental entity exists despite the fact that "the OGTCA expressly immunizes the state and political subdivisions such as counties and municipalities from liability arising out of the

operation of prison facilities[,]" (2) if a private cause of action against a governmental entity exists, whether federal law standards (i.e., *Monell*) or state law standards (i.e., *respondeat superior*) should apply to such a claim, and (3) if a private cause of action against a governmental entity exists, whether it is recognized retrospectively . In answering these questions, the Court in *Bosh* held the following:

> The Okla. Const. art 2, § 30 provides a private cause of action for excessive force, notwithstanding the limitations of the Oklahoma Governmental Tort Claims Act, 51 O.S.2011 §§ 151 et seq. This action is recognized retrospectively. The common law theory of respondeat superior applies to municipal liability under such an action to determine when an employee of a municipality uses excessive force within the scope of employment.

*Bosh,* 305 P.3d at 994. The issue of whether a private cause of action exists pursuant to Okla. Const. art 2, § 30 against a police officer acting under color of law but outside the scope of his employment, has never been decided by the Oklahoma Supreme Court. It is Plaintiff's belief, however, that the Oklahoma Supreme Court would decide the issue in favor of the Plaintiff for several reasons:

First, effective November 1, 2014, the Legislature revised the OGTCA to permit a common law tort claim "based on a provision of the Oklahoma Constitution or state law other than The Governmental Tort Claims Act" against a person "under alternative allegations that such person did not act within the scope of employment." OGCTA, 51 O.S. § 153(C) (2024). Thus, the Legislature recognized that without the added language, governmental employees who act outside the scope of employment

would be subject to uncapped damages for any tort they commit. The revised OGTCA now provides some measure of protection for governmental employees who act outside the scope of employment, by providing immunity for certain claims and imposing damage limitations on others.

Second, the above quoted language from Bosch does not limit the private cause of action to governmental entities only as the Court could have done. Rather, the Court stated, "The Okla. Const. art 2, § 30 provides a private cause of action for excessive force" generally and then said, "respondeat superior applies to municipal liability under such an action[.]" *Bosch,* 305 P.3d at 994. If the Court intended the private cause of action to only exist for municipalities, it would have stated, "The Okla. Const. art 2, § 30 provides a private cause of action against governmental entities for excessive force and the standard is *respondeat superior.*"

Third, like the Court noted in *Bosch* with respect to the OGTCA and the immunity a governmental entity enjoys, if the Court does not permit a private cause of action pursuant to Okla. Const. art 2, § 30 against a police officer who uses excessive force under color of law but *not within the scope of his authority*, it would "render the Constitutional protections afforded the citizens of this State as ineffective, and a nullity[,]" because Plaintiff would not have a state law remedy for the injuries that he suffered at the hands of a police officer. *Bosch,* 305 P.3d at 993. This is because while the Constitutional protection would be triggered by the state

action, if the police officer acted outside the scope of his employment, there would be no governmental entity (employer) from which to recover. It would be unjust to leave a Plaintiff without a remedy if, for example, a police officer engages in a lawful traffic stop of the Plaintiff (color of law) and sexually assaults the Plaintiff during the traffic stop (outside the scope of employment).

## II. VU STATED AN ASSAULT AND BATTERY CLAIM AGAINST GIBSON UPON WHICH RELIEF MAY BE GRANTED.

In Count IV, Plaintiff asserts an assault and battery claim against Defendant Gibson. This claim is pled in the alternative, i.e., in the event it is determined that GIBSON did not act "under color of law" *or* within the "scope of his employment." *Amended Complaint (Doc. 26) at ¶136.*

In deciding a motion to dismiss the Court does not just review the facts alleged. Rather, the Court also draws all reasonable inferences in favor of the non-moving party. *See Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Gibson complains that "While Plaintiffs allege that the assault and battery claim is 'pled in the alternative, i.e., in the event it is determined that GIBSON did not act 'under color of law' or within the scope of his employment,' they never allege that Defendant actually did act outside the scope of his employment." The only reasonable inference to draw from that fact statement is that for this claim, Gibson did not act "under color of law" *or* within the "scope of his employment."

Moreover, in a Complaint, a Plaintiff is only required to plead facts, *not legal theories. See Johnson v. City of Shelby,* 574 U.S. 10 (2014) (Per Curiam). The Supreme Court has made clear that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Plaintiffs alleged a set of detailed facts that are viewed differently by the Parties. Essentially, Plaintiff alleges that while investigating a minor traffic accident, then police officer Gibson, lifted him from his feet, and piledrived him headfirst into the pavement causing significant injury. Plaintiff's main claims argue that Gibson acted under color of law and within the scope of his employment.

The City, however, denies that Gibson acted under the color of state law and within the scope of his employment. *See City Answer (Doc. 30) at p. 10, ¶110; p.13, ¶123.* Similarly, the City denies that Gibson acted pursuant to the policies and training of City or the lack thereof. *See id. at ¶111.* Furthermore, the City asserts the following affirmative defense: "The actions alleged to have been committed by

Gibson, if true, would place him outside the scope and course of his employment and the City would not be liable." *Id. at Affirmative Defenses, p.17, ¶14.*

Same facts. Different legal theories and conclusions. Plaintiffs are permitted to plead in the alternative and have done so. Plaintiffs are not required to plead empty conclusions, nor would empty conclusions entitle Plaintiff to relief. Rather, as previously stated, Plaintiffs are required to plead the facts that support a claim for relief, which Plaintiffs have done. Plaintiffs have met their pleading burden.

In the event that it is determined by the Court that the City is correct, i.e., that Gibson did not act under color of law and did not act within the scope of his employment when he piledrived Lich Vu's head into the pavement, it would mean that Gibson did so as a private citizen, and claims against a private citizen are not subject to the OGTCA.

## III.    FURTHER AMENDMENT WOULD NOT BE FUTILE.

Gibson spent much of his brief arguing that certain claims cannot be asserted against Gibson while he acted *within* the scope of his authority. It is unclear why he did so, since both claims that he moves to dismiss are asserted against Gibson when he acted *outside* the scope of his authority.

Plaintiff believes that he has met his pleading burden. Regardless, should the Court want Plaintiff to reduce the obvious inference to writing by adding a sentence that that provides, "Gibson acted outside the scope of his employment," after the

sentence that reads "This claim is pled in the alternative, i.e., in the event it is determined that GIBSON did not act 'under color of law' *or* within the 'scope of his employment[,]'" Plaintiff is certainly willing to do so. While Plaintiff does not believe that further amendment is necessary or required, further amendment would not be futile.

**WHEREFORE,** Plaintiffs respectfully request that the Court deny Defendant Gibson's Partial Motion to Dismiss.

**Respectfully Submitted,**

**/s/ *Devon M. Jacob***                                   **Date: September 12, 2025**
**DEVON M. JACOB, ESQUIRE**
PA Bar Number: 89182
**JACOB LITIGATION, INC.**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com

*Plaintiffs' Counsel*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LICH THANH VU; et al.,      )
     )
        Plaintiffs,      )     **Case No. CIV-25-00426-JD**
     )
v.      )
     )
JOSEPH D. GIBSON, et al.,      )
     )
        Defendants.      )

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I served a copy of Plaintiffs' Brief in Opposition to Defendant Gibson's Motion to Dismiss on all counsel of record via ECF.

*/s/ Devon M. Jacob*_____      **Date: September 12, 2025**
**DEVON M. JACOB, ESQUIRE**