IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAN THUY NGUYEN VU, personally and as Personal Representative for the Estate of Lich Thanh Vu,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH D. GIBSON; and CITY OF OKLAHOMA CITY,<br><br>Defendants. | Case No. CIV-25-00426-JD |

## ORDER

Before the Court is Defendant Joseph D. Gibson's Partial Motion to Dismiss ("the Motion"). [Doc. No. 31]. Plaintiffs filed a Response. [Doc. No. 32]. Gibson filed a Reply. [Doc. No. 33]. For the reasons outlined below, the Court grants in part and denies in part the Motion.

## I.   BACKGROUND

Lan Thuy Nguyen Vu brings this case personally and as the personal representative of the estate of Lich Thanh Vu ("Lich Vu"). [*See* Doc. No. 36].

This lawsuit arises from Lich Vu's interaction with a police officer following a motor vehicle accident. Lich Vu was involved in a motor vehicle accident with one other vehicle. [Doc. No. 26 ¶¶ 9, 10]. Gibson, a police officer with the rank of sergeant with the Oklahoma City Police Department, responded to investigate the accident. [*Id.* ¶¶ 8, 9]. Upon his arrival at the scene of the accident, Gibson spoke with Lich Vu, a 71-year-old male, who was 5'4", approximately 120 pounds, and in poor health. [*Id.* ¶¶ 10, 11]. Lich

Vu spoke Vietnamese and "broken" English. [*Id.* ¶ 12]. Gibson issued Lich Vu a traffic citation. [*Id.* ¶ 16]. Lich Vu then became frustrated and upset because he did not understand the basis for the traffic citation. [*Id.* ¶ 17]. Gibson asked Lich Vu to sign the citation, but Lich Vu refused to do so. [*Id.* ¶ 18]. A discussion ensued between Gibson and Lich Vu, which resulted in Gibson pulling Lich Vu's arms behind his back, lifting him from the ground and slamming him face-first into the pavement with significant force. [*Id.* ¶¶ 19–21, 33]. As a result, Lich Vu suffered numerous injuries, detailed in the Second Amended Complaint. [*Id.* ¶¶ 40, 52–53, 58–61].[1]

Plaintiffs bring the following claims against Gibson: a Fourth Amendment claim for excessive force pursuant to 42 U.S.C. § 1983; a claim for excessive force pursuant to the Oklahoma Constitution, article 2, section 30; an assault and battery claim pursuant to Oklahoma law; and a loss of consortium claim under Oklahoma law. [Doc. No. 26 ¶¶ 92–106, 120–142]. Plaintiffs also bring claims against Defendant City of Oklahoma City ("City"), [*id.* ¶¶ 107–119], which the City has answered [Doc. No. 30].

Gibson moves to dismiss Plaintiffs' claim for excessive force pursuant to the Oklahoma Constitution, article 2, section 30 and Plaintiffs' claim for assault and battery. [Doc. No. 31]. Gibson argues that article 2, section 30 does not provide a private right of action against an individual and that Plaintiffs do not allege facts sufficient to state a claim for assault and battery against Gibson. [*Id.* at 3–11].[2]

---

[1] The Court notes that, pursuant to Plaintiffs' Suggestion of Death filed with the Court, Lich Vu passed away after the filing of this lawsuit. [*See* Doc. No. 34 at 1].

[2] The Court uses page numbering from the CM/ECF stamp at the top of the filing

2

II. **STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual assertions, a pleading that offers only "labels and conclusions" or "pleads facts that are merely consistent with a defendant's liability" will not suffice. *Id.* (internal quotation marks and citation omitted). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In evaluating a Rule 12(b)(6) motion, the Court accepts all well-pled factual allegations as true and views the allegations in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). Conclusory statements, however, are not entitled to the assumption of truth, and courts are free to disregard them. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

III. **ANALYSIS**

   A. **Plaintiffs do not state a claim against Gibson under article 2, section 30 of the Oklahoma Constitution.**

The Court begins with Gibson's Motion to Dismiss Plaintiffs' excessive force claim under article 2, section 30 of the Oklahoma Constitution. Section 30 provides for

---

on the district court docket.

"[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures . . . ." Okla. Const. art. II, § 30. In *Bosh v. Cherokee County Building Authority*, the Oklahoma Supreme Court concluded (1) that article 2, section 30 "provides a private cause of action for excessive force" against governmental entities and (2) that government employers can be liable under the theory of *respondeat superior* when their employees are acting within the scope of their employment. 2013 OK 9, ¶ 33, 305 P.3d 994, 1004, *as corrected* (June 28, 2013).

Plaintiffs contend that the private right of action for violations of article 2, section 30 extends to claims against government employees in their individual capacities. [Doc. No. 32 at 7–9]. Plaintiffs state that "[t]he issue of whether a private cause of action exists pursuant to Okla. Const. art. 2, § 30 against a police officer acting under color of law but outside the scope of his employment, has never been decided by the Oklahoma Supreme Court." [*Id.* at 7].

Plaintiffs predict that the Oklahoma Supreme Court would extend a private right of action against government employees in their individual capacities. [*Id.* at 7–9]. However, other courts within this district have concluded that the Oklahoma Constitution, article 2, section 30 cannot serve as a basis for a claim against state employees individually. *See Morris v. Humphrey*, No. CIV-14-497-W, 2014 WL 3488895, at *2 (W.D. Okla. July 11, 2014) (dismissing article 2, section 30 claim against a government employee in his individual capacity); *Koch v. Juber*, No. CIV-13-0750-HE, 2014 WL 2171753, at *2–5 (W.D. Okla. May 23, 2014) (dismissing plaintiff's excessive force claim under article 2, section 30 against Department of Corrections because

4

individual defendants were acting outside the scope of their employment and stating "[t]he court also finds no basis in *Bosh* for extending liability beyond the employer"); *cf. Doe v. Oologah-Talala Indep. Sch. Dist. No. 4 of Rogers Cnty.*, No. 21-CV-240-JDR-SH, 2024 WL 1357612, at *4 & n.2 (N.D. Okla. Mar. 29, 2024) (granting the individual officer's motion to dismiss with prejudice the Oklahoma constitutional claims because "*Bosh* has since been construed to agree with prior interpretations of Oklahoma law in finding a private right of action against Oklahoma governmental entities only") (citing cases); *Washington v. Rogers*, No. CIV-18-1116-D, 2019 WL 5191830, at *4 (W.D. Okla. Oct. 15, 2019) ("Plaintiff's claim under any of those constitutional provisions fails because *Bosh* does not extend to individual employees.").

In accordance with the above cases, the Court concludes that the Oklahoma Supreme Court has not extended a private right of action under the Oklahoma Constitution, article 2, section 30 to claims against employees acting in their individual capacities. In the absence of authority supporting Plaintiffs' argument, Plaintiffs have not convinced the Court that the Oklahoma Supreme Court would extend its holding in *Bosh* to such claims. 2013 OK 9, 305 P.3d 994. [*See* Doc. No. 32 at 7–9]. Accordingly, Plaintiffs cannot state a claim under the Oklahoma Constitution, article 2, section 30 against Gibson.

    **B.**    **Plaintiffs state a claim for assault and battery against Gibson.**

Next, the Court addresses Gibson's argument that Plaintiffs do not state a claim against Gibson for assault and battery because Gibson was acting within the scope of his employment and thus the proper defendant is the City. [Doc. No. 31 at 7–11]. Plaintiffs'

tort claim is subject to the Oklahoma Governmental Tort Claims Act. "The GTCA is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort." *Tuffy's, Inc. v. City of Okla. City*, 2009 OK 4, ¶ 7, 212 P.3d 1158, 1163. "Governmental accountability is extended to torts for which a private person would be liable, unless they are committed outside of the course and scope of employment or unless they are committed in bad faith or in a malicious manner." *Id.*; *see also* 51 Okla. Stat. § 153(C). Accordingly, if Gibson assaulted Lich Vu in the course of his employment, Plaintiffs' exclusive remedy would be against Defendant City. *See* 51 Okla. Stat. § 153(C).

Gibson argues that a police officer can still be acting within the scope of his employment when committing an assault. [Doc. No. 31 at 8–9]. Although it is not typically within the scope of one's employment to commit an assault, the Oklahoma Supreme Court has acknowledged an exception to that rule when "the act is one which is fairly and naturally incident to the business and is done while the employee is doing employer's business." *Tuffy's, Inc.*, 2009 OK 4, ¶ 18, 212 P.3d at 1166. "An employee's act is also within the scope of employment if it is done, however ill-advisedly, with a view to further the employer's interest or arises out of an emotional response to actions being taken for the employer." *Id.*

Gibson asserts that all the factual allegations made by Plaintiffs related to the assault and battery claim occurred while Gibson was performing his duties as a law enforcement officer. [Doc. No. 31 at 9–10]. Gibson states that Plaintiffs do not plead facts sufficient to demonstrate Gibson acted outside the scope of his employment. [*See id.*]. However, whether Gibson's actions occurred within the scope of his employment is

a fact issue most appropriately resolved by the fact finder, not upon a motion to dismiss. "Whether a police officer's actions were taken within the scope of employment is a jury question unless only one reasonable conclusion can be drawn from the facts alleged." *Tuffy's, Inc.*, 2009 OK 4, ¶ 20, 212 P.3d at 1167. Circumstances exist when a police officer, although executing his duties as a law enforcement official, exceeds his or her lawful power. For example, in *DeCorte v. Robinson*, the Oklahoma Supreme Court considered whether a jury verdict awarding punitive damages against a police officer individually impermissibly conflicted with the jury's judgment against the City. 1998 OK 87, ¶ 14, 969 P.2d 358, 362. In that case, a police officer had pursued a car he observed driving dangerously and ultimately subdued and handcuffed the suspect and grabbed him by the throat while he was handcuffed in the back of the car. *Id.* ¶¶ 2–5, 969 P.2d at 360. The jury returned a judgment against the City, his employer, which supported a finding that they considered the police officer to be acting within the course of his employment but also awarded punitive damages against the police officer individually. *Id.* ¶ 6, 969 P.2d at 360. The Court decided that the jury could have concluded that

> [The police officer's] initial actions may well have been taken on behalf of his employer, and been within the scope of his duties. However, the jury obviously determined that during the course of events his actions exceeded that scope. While we agree with the City's assertion that an individual cannot simultaneously act in good faith and in a malicious manner, the jury was clearly justified in finding that at some time during the episode [the police officer] went beyond the bounds of good faith.

*Id.* ¶ 14, 969 P.2d at 362.

When viewing the facts alleged by Plaintiffs here, in the light most favorably to Plaintiffs, Plaintiffs have stated facts upon which a jury could find that Gibson exceeded

7

his authority when throwing Lich Vu to the ground. Additionally, Plaintiffs are entitled to simultaneously plead claims against Defendant City that require that Gibson acted within the scope of his authority, and alternatively, claims against Gibson individually that require that he did not act within the scope of his authority. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). The Court, therefore, concludes that Plaintiffs have stated a claim for assault and battery.

## IV.     CONCLUSION

For the reasons outlined above, the Court GRANTS IN PART and DENIES IN PART Defendant Gibson's Partial Motion to Dismiss. [Doc. No. 31]. The Court GRANTS the Motion as it relates to Plaintiffs' Oklahoma Constitution article 2, section 30 claim against Gibson and dismisses that claim with prejudice. The Court DENIES the Motion as it pertains to Plaintiffs' assault and battery claim against Gibson.

IT IS SO ORDERED this 17th day of February 2026.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE