IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) LAN THUY NGUYEN VU,<br>personally, and as Personal Representative<br>for the Estate of Lich Thanh Vu, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-25-426-JD |
| | ) | |
| (1) JOSEPH D. GIBSON, and<br>(2) CITY OF OKLAHOMA CITY, | ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GIBSON'S ANSWER TO PLAINTIFF'S
<u>SECOND AMENDED COMPLAINT</u>**

In response to the allegations of Plaintiff's Second Amended Complaint [Dkt. 26],

Defendant Joseph D. Gibson ("Defendant"), in his individual capacity, alleges and states

as follows[1]:

**I.     <u>JURISDICTION AND VENUE</u>**

1.     Defendant admits Plaintiff has brought this action pursuant to 42 U.S.C. §

1983. Defendant denies that Plaintiff has stated a claim under § 1983.

2.     Defendant admits that this Court has jurisdiction over this matter.

---

[1] Since the Second Amended Complaint was filed, Lan Thuy Nguyen Vu has been substituted as the Plaintiff, personally and in her capacity as personal representative of the estate of Lich Thanh Vu. Defendant will therefore refer to Lan Thuy Nguyen Vu as "Plaintiff" and Lich Thanh Vu as "Vu" for purposes of this Answer. Defendant acknowledges that all claims asserted by Lich Thanh Vu in the Second Amended Complaint are now asserted by Plaintiff in her capacity as personal representative of Vu's estate.

3.      Defendant admits that venue is proper in the Western District of Oklahoma. However, Defendant does not waive his right to seek a transfer of venue in the interest of justice pursuant to 28 U.S.C. § 1404(a) should the need to do so become apparent during the course of litigation.

## II.    <u>IDENTIFICATION OF PARTIES</u>

4.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4. Defendant therefore denies the allegations and demands strict proof thereof.

5.      Defendant denies that any Power of Attorney is in effect after Lich Thanh Vu's death. Defendant is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 5. Defendant therefore denies the allegations and demands strict proof thereof.

6.      Defendant admits that he is an adult male who was employed as a sergeant at the Oklahoma City Police Department ("OCPD") at all times relevant to the claims in this lawsuit and that his actions were taken under color of state law. Defendant admits that Plaintiff has brought claims against him in his individual capacity. Defendant denies that he is liable for all individual capacity claims against him.

7.      Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 regarding the size and population of the City of Oklahoma City. Defendant denies the remainder of the allegations in Paragraph 7 as phrased.

III.    **MATERIAL FACTS**

**"GIBSON Used Excessive Force Against LICH VU"[2]**

8.      Admitted.

9.      Admitted.

10.     Defendant admits that he spoke with Vu upon arrival. Defendant denies the remainder of the allegations in Paragraph 10 as phrased. Defendant specifically denies he was aware of Vu's identity or who was operating the vehicles "upon arrival."

11.     Defendant admits that Vu was male. Defendant is without sufficient knowledge or information to admit or deny the allegations regarding Vu's age, height, weight, and health and therefore denies those allegations. Defendant denies the remainder of the allegations contained in Paragraph 11 as phrased.

12.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12. Defendant therefore denies those allegations and demands strict proof thereof.

13.     Defendant denies that the image embedded in Paragraph 13 is proper or probative and denies it supports any of the allegations regarding Defendant which are stated in Paragraph 13. Defendant therefore denies all such allegations.

14.     Defendant admits that he did not pat Vu down for weapons. Defendant denies the reminder of the allegations contained in Paragraph 14.

---

[2]"For the sake of clarity, this Answer has adopted the headings used by Plaintiff in his Second Amended Complaint. The Defendant denies any wrongful conduct as implicated in Plaintiff's headings."

3

15.    Defendant admits that he did not place Vu in handcuffs before issuing the citation. Defendant denies the remainder of the allegations contained in Paragraph 15.

16.    Defendant admits that he wrote Vu a citation. Defendant denies the remainder of the allegations in Paragraph 16.

17.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17. Defendant therefore denies those allegations and demands strict proof thereof.

18.    Defendant admits that Vu refused to sign the citation. Defendant denies the remainder of the allegations contained in Paragraph 18.

19.    Defendant denies the allegations in Paragraph 19 as phrased. Defendant specifically denies that he did not attempt to deescalate the incident. Defendant is without sufficient knowledge or information to admit or deny the allegations in footnote 2 of Paragraph 19. Defendant therefore denies those allegations and demands strict proof thereof.

20.    Defendant admits that Vu told Defendant to shut up and that his hand illegally made contact with Defendant's chest. Defendant denies the remainder of the allegations in Paragraph 20.

21.    Defendant admits that Vu gestured for him to be quiet. Defendant denies the remainder of the allegations contained in Paragraph 21. Defendant further denies that the embedded image is proper or probative.

22.    Denied.

4

23.    Defendant admits that the statement appears in Officer Lewis's report Defendant is without knowledge or information to admit or deny the content of the statement. Defendant denies the remainder of the allegations contained in Paragraph 23.

24.    Defendant admits that Vu told him to "shut up." Defendant denies the remainder of the allegations contained in Paragraph 24.

25.    Denied.

26.    Denied.

27.    Defendant admits that the statement appears in his report. Defendant denies the remainder of the allegations contained in Paragraph 27.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied as phrased.

32.    Defendant admits that he said "no" and grabbed Vu's wrist. Defendant denies the remainder of the allegations in Paragraph 32 as phrased. Defendant specifically denies that his actions were taken in anger.

33.    Defendant admits that he placed Vu's arms behind his back. Defendant denies the remainder of the allegations in Paragraph 33. Defendant further denies that the embedded photo is proper or has probative value.

34.    Defendant admits that Plaintiff's counsel has incorporated body-worn camera footage as an Exhibit 1. Defendant is without sufficient knowledge and information

5

to admit or deny the remainder of the allegations in Paragraph 34 and footnote 3. Defendant therefore denies those allegations and demands strict proof thereof.

35.    Denied.

36.    Denied as phrased.

37.    Denied as phrased.

38.    Denied. Defendant specifically denies that he took Vu to the ground.

39.    Defendant admits that he held Vu's hands behind his back and that Vu fell. Defendant denies the remainder of the allegations in Paragraph 39 as phrased.

40.    Defendant denies that he slammed Vu's head into the pavement. Defendant is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 40. Defendant therefore denies those allegations and demands strict proof thereof.

41.    Defendant admits that he handcuffed Vu behind his back while he was laying on his stomach. Defendant is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 41. Defendant therefore denies those allegations.

**"GIBSON Threatened to Pepper Spray LAN VU When She
Came to LICH VU'S Aid and Attempted to Photograph His Injuries"**

42.    Defendant admits that Lan Vu stated that an ambulance needed to be called. Defendant is without knowledge or information to admit or deny the remainder of the allegations contained in Paragraph 42. Defendant therefore denies those allegations and demands strict proof thereof.

43.    Admitted.

44.    Defendant denies the allegations contained in Paragraph 44 as phrased. Defendant specifically denied that he grabbed Lan Vu, pulled her, or pushed her.

45.    Denied.

46.    Denied.

47.    Denied.

## "Officer Dakota R. Lewis Assists GIBSON"

48.    Admitted.

49.    Defendant admits that he made that statement regarding Vu.

50.    Admitted.

51.    Admitted that Officer Lewis's report contains that statement. Defendant is without sufficient knowledge or information to admit or deny the contents of the statement.

52.    Defendant admits that Vu appeared to be unconscious. Defendant is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 52. Defendant therefore denies those allegations and demands strict proof thereof.

53.    Defendant is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 53. Defendant therefore denies those allegations and demands strict proof thereof.

## **"GIBSON Told Medical Personnel that LICH VU 'Fell'"**

54.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 54 as phrased. Defendant therefore denies the allegations and demands strict proof thereof.

55.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 55 as phrased. Defendant therefore denies the allegations and demands strict proof thereof.

56.    Denied.

57.    Defendant admits he made that statement. Defendant specifically admits that Vu fell and hit his head.

## **"LICH VU Suffered Serious and Life-threatening Injuries"**

58.    Defendant denies the allegations contained in Paragraph 58 and subsections (a)-(e) of Paragraph 58.

59.    Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 59. Defendant therefore denies those allegations and demands strict proof thereof.

60.    Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 60. Defendant therefore denies those allegations and demands strict proof thereof.

61.    Denied.

**"GIBSON Made Several False Reports to Law Enforcement"**

Footnotes 4 and 5 are recitations of statutes which do not require a response from Defendant.

62.    Defendant was aware he was wearing a body camera. Defendant denies the remainder of the allegations in Paragraph 62 as phrased.

63.    Defendant was aware the body camera was affixed to the front of his uniform. The meaning of the remainder of the allegations contained in Paragraph 63 is ambiguous and unclear. Defendant therefore denies those allegations and demands strict proof thereof.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Defendant admits that Officer Lewis's report contains that statement. Defendant further admits that Vu fell. Defendant denies the remainder of the allegations in Paragraph 67 as phrased.

68.    Defendant admits that Officer Lewis's report contains that statement.

69.    Defendant admits that the ticket contains the stated language. Defendant is without sufficient information to admit or deny the allegations contained in footnote 6. Defendant therefore denies the allegations.

70.    Admitted.

71.    Admitted.

72.    Admitted that the cited policy contains that instruction. Defendant denies that the instruction is "inexplicable."

9

73.    Admitted.

74.    Defendant admits that Plaintiff has incorporated security camera footage as Exhibit 2.

75.    Defendant admits that the footage shows him touching Lt. Gary's vest. Defendant denies the remainder of the allegations in Paragraph 75 as phrased.

76.    Admitted.

## **"OKCPD Had Notice of De-escalation and Take-Down Issues"**

77.    The allegations in Paragraph 77 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 77, Defendant therefore denies the allegations and demands strict proof thereof.

78.    The allegations in Paragraph 78 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 78, Defendant therefore denies the allegations and demands strict proof thereof.

79.    The allegations in Paragraph 79 and subsection (a) are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 79 and subsection (a), Defendant therefore denies the allegations and demands strict proof thereof.

80.    The allegations in Paragraph 80 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 80, Defendant therefore denies the allegations and demands strict proof thereof.

81.     The allegations in Paragraph 81 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 81, Defendant therefore denies the allegations and demands strict proof thereof.

82.     The allegations in Paragraph 82 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 82, Defendant therefore denies the allegations and demands strict proof thereof.

83.     The allegations in Paragraph 83 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 83, Defendant therefore denies the allegations and demands strict proof thereof.

### "CITY Retains Expert: 21CP Solutions: Additional Notice Provided

84.     The allegations in Paragraph 84 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 84. Defendant therefore denies the allegations and demands strict proof thereof.

85.     The allegations in Paragraph 85 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 85. Defendant therefore denies the allegations and demands strict proof thereof.

86.     The allegations in Paragraph 86 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 86. Defendant therefore denies the allegations and demands strict proof thereof.

87.     The allegations in Paragraph 87 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 87. Defendant therefore denies the allegations and demands strict proof thereof.

**"United States Department of Justice Civil Rights Division"**

88.     The allegations in Paragraph 88 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 88. Defendant therefore denies the allegations and demands strict proof thereof.

89.     The allegations in Paragraph 89 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 89. Defendant therefore denies the allegations and demands strict proof thereof.

90.     The allegations in Paragraph 90 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 90. Defendant therefore denies the allegations and demands strict proof thereof.

91.     The allegations in Paragraph 91 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 91. Defendant therefore denies the allegations and demands strict proof thereof.

## IV.  <u>LEGAL CLAIMS</u>

Footnote 7 of Plaintiff's Second Amended Complaint contains only legal arguments which do not require a response from Defendant.

### <u>COUNT I</u>

**LICK VU v. GIBSON**
**Fourth Amendment (Excessive Force)**
***Pursuant to 42 U.S.C. § 1983***

92.     Defendant adopts and incorporates his answers to Paragraphs 1-91 above as if fully stated herein.

93.    Paragraph 93 contains a statement of law which does not require a response from Defendant.

94.    Paragraph 94 contains a statement of law which does not require a response from Defendant.

95.    Paragraph 95 contains a statement of law which does not require a response from Defendant.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied as phrased.

100.    Defendant admits that he placed Vu's arms behind his back. Defendant denies the remainder of the allegations contained in Paragraph 100.

101.    Denied. Defendant specifically denies that he took Vu to the ground.

102.    Denied. Defendant specifically denies that he took Vu to the ground.

103.    Denied.

104.    Defendant admits that he placed Vu's hands behind his back and that Vu fell. Defendant denies the remainder of the allegations contained in Paragraph 104.

105.    Denied.

106.    Denied.

## COUNT II

**LICH VU v. CITY**
**Fourth and Fourteenth Amendments (Monell)**
*Pursuant to 42 U.S.C. § 1983*

107.    Defendant adopts and incorporates his answers to Paragraphs 1-106 above as if fully stated herein.

108.    Paragraph 108 contains a statement of law which does not require a response from Defendant.

109.    Paragraph 109 contains a statement of law which does not require a response from Defendant.

110.    Admitted.

111.    Defendant admits that he acted pursuant to the City's policies and training. Defendant denies the remainder of the allegations contained in Paragraph 111.

112.    Paragraph 112 contains a statement of law which does not require a response from Defendant.

113.    Paragraph 113 contains a statement of law which does not require a response from Defendant.

114.    Defendant admits that Drummond made the quoted statement. Defendant is without sufficient knowledge as to the intent of Drummond's statement to admit or deny the remainder of the allegations in Paragraph 114.

115.    The allegations in Paragraph 115 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 115. Defendant therefore denies those allegations and demands strict proof thereof.

14

116.    The allegations in Paragraph 116 are not directed at Defendant. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 116. Defendant therefore denies those allegations and demands strict proof thereof.

117.    Denied. Defendant specifically denies that he escalated the incident.

118.    Denied. Defendant specifically denies that he took Lich Vu to the ground.

119.    The allegations in Paragraph 119 are not directed at Defendant. To the extent a response from Defendant is required, denied.

<u>**COUNT III**</u>

**LICH VU v. GIBSON**
**Excessive Force**
*(Pursuant to Oklahoma Constitution, art. 2, § 30)*
*(Pled in the Alternative)*

120.    Defendant adopts and incorporates his answers to Paragraphs 1-119 above as if fully stated herein.

121.    This claim has already been dismissed by this Court. *See* Dkt. 37.

122.    This claim has already been dismissed by this Court. *See* Dkt. 37.

123.    This claim has already been dismissed by this Court. *See* Dkt. 37. Regardless, Defendant denies that he was acting outside the scope of his employment.

124.    This claim has already been dismissed by this Court. *See* Dkt. 37. Regardless, denied.

125.    This claim has already been dismissed by this Court. *See* Dkt. 37. Regardless, denied.

15

126.    This claim has already been dismissed by this Court. *See* Dkt. 37. Regardless, denied as phrased.

127.    This claim has already been dismissed by this Court. *See* Dkt. 37. Regardless, denied as phrased.

128.    This claim has already been dismissed by this Court. *See* Dkt. 37. Regardless, denied.

129.    This claim has already been dismissed by this Court. *See* Dkt. 37. Regardless, denied. Defendant specifically denies he took Vu to the ground.

130.    This claim has already been dismissed by this Court. *See* Dkt. 37. Regardless, denied. Defendant specifically denies he took Vu to the ground.

131.    This claim has already been dismissed by this Court. *See* Dkt. 37. Regardless, denied.

132.    This claim has already been dismissed by this Court. *See* Dkt. 37. Regardless, denied as phrased.

133.    This claim has already been dismissed by this Court. *See* Dkt. 37. Regardless, denied.

134.    This claim has already been dismissed by this Court. *See* Dkt. 37. Regardless, denied.

## COUNT IV

### LICH VU v. GIBSON
### Assault and Battery
### *(Pursuant to Oklahoma State Law)*
### *(Pled in the Alternative)*

135.    Defendant adopts and incorporates his answers to Paragraphs 1-134 above as if fully stated herein.

136.    Defendant admits Plaintiff has pled this claim in the alternative. Defendant denies that he was acting outside the scope of his employment.

137.    Denied. Defendant specifically denies that he used excessive force.

138.    Denied.

## COUNT V

### Plaintiffs v. GIBSON
### Assault and Battery
### *(Pursuant to Oklahoma State Law)*
### *(Pled in the Alternative)*

139.    Defendant adopts and incorporates his answers to Paragraphs 1-138 above as if fully stated herein.

140.    Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 140. Defendant therefore denies the allegations.

141.    Denied.

## V.    REQUEST FOR RELIEF

Defendant denies the requests for relief contained in Section V and subsections (A)-(F) of Plaintiff's Second Amended Complaint. Defendant specifically denies that Plaintiff is entitled to any form of relief and attorney's fees and costs.

## VI.    <u>JURY TRIAL DEMAND</u>

Defendant denies that Plaintiff has stated any claims/issues in this matter which may be tried to a jury. Should this Court determine there are such claims/issues to be tried, Defendant also requests a jury trial.

## <u>DEFENSES AND AFFIRMATIVE DEFENSES</u>

Defendant Joseph D. Gibson states the following as his defenses and affirmative defenses:

1.    Plaintiff's Second Amended Complaint fails to state a claim for which relief can be granted under state or federal law.

2.    Plaintiff has failed to state a claim for punitive damages against Defendant.

3.    Defendant is entitled to qualified immunity on the 42 U.S.C. § 1983 claims against him.

4.    Defendant did not use excessive force against Vu. The force Defendant used against Vu was objectively reasonable under the totality of the circumstances.

5.    Vu's Fourth Amendment rights were not violated.

6.    Defendant's actions were constitutional and consistent with the policies and training of the City of Oklahoma City Police Department at the time.

7.    Vu's actions violated Oklahoma law.

8.    Defendant's actions complied with Oklahoma law.

9.    The law regarding excessive force was not clearly established at the time physical force was used against Vu such that Defendant would have been on notice that his actions were unconstitutional.

18

10.    The conduct of Plaintiff and Vu caused or contributed to their alleged injuries and damages.

11.    The contributory negligence of Plaintiff and Vu was the intervening/supervening cause of their injuries and damages.

12.    The criminal acts of Plaintiff and Vu are the direct and/or proximate cause of their alleged injuries.

13.    Defendant was acting within the course and scope of his employment as a City of Oklahoma City police officer at all times relevant to Plaintiff's claims.

14.    Defendant is not a proper party to Plaintiff's state law claims under the Oklahoma Governmental Tort Claims Act and the defenses, caps on damages, exemptions, and immunities of that Act apply to this case.

15.    Defendant Gibson is entitled to settlement, credit or an off-set regarding any settlement with any other party in this case pursuant to Okla. Stat. tit. 12, § 832(H) and/or federal common law.

16.    An award of punitive damages would violate the principle of due process and the Fourteenth Amendment to the United States Constitution.

17.    Any noneconomic damages claimed by Plaintiff are subject to the statutory limitations and requirements contained in 23 O.S. § 61.2.

18.    Plaintiff's damages are subject to and limited by 12 O.S. §3009.1.

19.    Defendant reserves the right to add additional defenses and affirmative defenses as they become known through discovery.

WHEREFORE, Defendant Joseph D. Gibson, having answered Plaintiff's Second Amended Complaint, requests that this Court grant judgment in favor of Defendant.

Respectfully submitted,

s/ W.R. Moon Jr.
W. R. Moon, Jr., OBA No. 32079
Rebecca A. Boyer, OBA No. 31847
Alison B. Levine, OBA No. 33021
COLLINS, ZORN & WAGNER, PLLC
429 N.E. 50th Street, 2nd Floor
Oklahoma City, OK 73105-1815
Telephone:  (405) 524-2070
Facsimile:  (405) 524-2078
E-mail: wrm@czwlaw.com;
rab@czwlaw.com; abl@czwlaw.com
ATTORNEYS FOR DEFENDANT
JOSEPH D. GIBSON

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2026, I electronically transmitted this filing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Devon M. Jacob, email at: djacob@jacoblitigation.com
JACOB LITIGATION
P.O. Box 837
Mechanicsburg, PA 17055-0837
***Attorney for Plaintiff***

Sherri R. Katz, email at: Sherri.Katz@okc.gov
Katie Goff, email at: Katie.goff@okc.gov
Justin Ashlock, email at: justin.ashlock@okc.gov
Assistant Municipal Counselors
200 North Walker, Suite 400
Oklahoma City, OK 73102
***Attorneys for Defendant City of Oklahoma City***

s/W.R. Moon Jr.
W.R. Moon Jr.