IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAN THUY NGUYEN VU, personally, and as Personal Representative for the Estate of Lich Thanh Vu, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-25-00426-JD |
| JOSEPH D. GIBSON; and CITY OF OKLAHOMA CITY, | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S OPENING BRIEF REGARDING RELATION BACK
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(c)**

Plaintiff Lan Thuy Nguyen Vu, personally and as Personal Representative for the Estate of Lich Thanh Vu, pursuant to the Court's Order (Doc. 47), submits this Opening Brief Regarding Relation Back Pursuant to Federal Rule of Civil Procedure 15(c).

**I. The Third Amended Complaint should relate back to the Complaint, or at minimum to the Second Amended Complaint.**

The Court ordered briefing regarding "whether the Third Amended Complaint should relate back to the date of one of Plaintiff's prior complaints, pursuant to Federal Rule of Civil Procedure 15(c)." Order (Doc. 47). The answer to the Court's question is yes. The Third Amended Complaint (Doc. 41-1) ("TAC") should relate back to the Complaint with Jury Demand (Doc. 1) ("Complaint"), or at minimum to the Second Amended Complaint with Jury Demand (Doc. 26) ("SAC").

1

The Complaint (Doc. 1), First Amended Complaint with Jury Demand ("FAC") (Doc. 13), and SAC (Doc. 26), all pleaded the same conduct, transaction, and occurrence as the TAC: Defendant Gibson's October 27, 2024, use of force against Lich Vu during a traffic accident investigation and the resulting serious injuries.

Plaintiff preserves her position stated in Plaintiff's Reply Brief in Support of Motion for Leave to File a Third Amended Complaint (Doc. 46) that the TAC should be deemed filed as of April 6, 2026. This brief addresses the relation back issue ordered by the Court, and where necessary, the supplemental pleading rule that applies to events occurring after the prior pleadings.

## II. Pursuant to Rule 15(c)(1)(A), the applicable GTCA timing provision does not bar the TAC if it is deemed filed as of April 6, 2026.

Rule 15(c)(1)(A) provides that an amendment relates back when "the law that provides the applicable statute of limitations allows relation back." FED. R. CIV. P. 15(c)(1)(A). The Tenth Circuit recognizes that Rule 15(c) concerns "timing generally and statutes of limitation specifically," and that a properly filed amended complaint may relate back for those purposes. *May v. Segovia,* 929 F.3d 1223, 1233 (10th Cir. 2019).

Gibson's timing argument is based on 51 O.S. § 157(B). He argues that the wrongful death claims are untimely because Plaintiff did not commence them within 180 days after denial of the tort claim. The Court's Order recognizes that Gibson identifies April 6, 2026, as the deadline to file the TAC. *Order* (Doc. 47).

Plaintiff met that deadline. As Plaintiff explained in Plaintiff's Reply Brief in Support of Motion for Leave to File a Third Amended Complaint (Doc. 46), Plaintiff filed

the Motion for Leave to File a Third Amended Complaint Pursuant to FED. R. CIV. P. 15(a)(2) (Doc. 41), attached the complete TAC (Doc. 41-1), served the filing through CM/ECF, and expressly requested that the TAC be deemed filed as of April 6, 2026.

If the Court deems the TAC filed as of April 6, 2026, the applicable GTCA commencement period did not expire before the wrongful death claims were filed. Rule 15(c)(1)(A) is therefore satisfied because the law providing the applicable timing period does not bar a pleading deemed filed on April 6, 2026.

### III. Rule 15(c)(1)(B) independently supports relation back because the TAC arises from the same conduct, transaction, and occurrence pleaded from the outset.

Rule 15(c)(1)(B) provides that an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." FED. R. CIV. P. 15(c)(1)(B).

The Tenth Circuit applies Rule 15(c)(1)(B) by asking whether the amended pleading rests on the same factual occurrence previously pleaded. *Hernandez v. Valley View Hosp. Ass'n,* 684 F.3d 950, 961–62 (10th Cir. 2012). Regarding Rule 15(c)(1)(B), the Supreme Court explained that relation back is only improper when the amended claim "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix,* 545 U.S. 644, 650 (2005). That is not this case.

The TAC does not add a new event, a new defendant, a new use of force, or a new injury mechanism. It arises from the same October 27, 2024, incident pleaded from the outset.

3

The Complaint alleged that on October 27, 2024, Gibson was employed by the Oklahoma City Police Department as a sergeant, was on duty, responded in uniform and in a marked police vehicle to investigate a reported minor vehicle accident near NW 39th Street and Amelia Avenue in Oklahoma City, and identified and spoke with Lich Vu, an operator of one of the involved vehicles. *Complaint (Doc. 1), ¶¶ 9–11.*

The Complaint alleged that Lich Vu was elderly, frail, small in stature, in poor health, and spoke Vietnamese and broken English; that Gibson did not believe Lich Vu had a weapon; that Gibson did not believe Lich Vu presented as a physical threat; and that the language barrier caused Lich Vu to become frustrated about the traffic citation. *Id. ¶¶ 12–18.*

The Complaint then alleged the use of force. After Lich Vu gestured and said "you shut up," Gibson grabbed him, pulled his arms behind his back, lifted him from the ground, and slammed him face first into the pavement using significant force. *Id. ¶¶ 22–35.* It incorporated Gibson's body camera video and the security camera video. *Id. ¶¶ 36, 76.* It alleged that Lich Vu was defenseless and unable to break his fall or protect his face, head, or neck. *Id. ¶ 41.* It alleged that when Gibson slammed Lich Vu's head into the pavement, Lich Vu lost consciousness and began bleeding from his head. *Id. ¶ 42.*

The Complaint also alleged serious and life threatening injuries, including subdural hematoma, acute subdural hemorrhage, skull and orbital fractures, facial trauma, C1 fractures, hospitalization, bilateral middle meningeal artery embolization, and permanent cognitive decline. *Id. ¶¶ 60–63.*

4

The FAC and SAC carried those same core allegations forward. *FAC, ¶¶ 8-92; SAC, ¶¶ 8–61.* The TAC is therefore tethered to the same incident and same operative allegations pleaded from the beginning of this case.

**IV. Rule 15(d) further supports the death related allegations because they are supplemental facts arising from the same occurrence.**

The TAC also pleads facts that occurred after the prior pleadings, including Lich Vu's post traumatic decline and death. While the Court did not request briefing regarding FED. R. CIV. P. 15(d), Plaintiff respectfully submits that FED. R. CIV. P. 15(d) permits a supplemental pleading setting out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The death related allegations are therefore supplemental in substance because they concern events that occurred after the filing of the SAC. The TAC pleads later developed consequences of the same October 27, 2024, use of force and traumatic injury sequence already pleaded in the SAC. The death related allegations do not arise from a separate tort, a separate police encounter, a separate defendant, or a separate injury mechanism.

**V. The wrongful death claims arise from the same occurrence and are not unrelated new claims.**

The fact that the Complaint, FAC, and SAC, did not assert wrongful death claims does not defeat relation back. The Rule 15(c) question is not whether those pleadings used the words "wrongful death." The question is whether the TAC asserts claims arising from the conduct, transaction, or occurrence already pleaded. It does.

Oklahoma wrongful death law confirms that the death related claims are tied to the same injury producing conduct already pleaded in the Complaint, FAC, and SAC.

5

Oklahoma's wrongful death statute permits the personal representative to maintain an action where death is caused by the wrongful act or omission of another if the decedent "might have maintained an action, had he or she lived." *Okla. Stat. tit. 12, § 1053(A).*

The Oklahoma Supreme Court has likewise held that a wrongful death action "is not a separate and distinct tort," but derives from the rights of the decedent. *In re Estate of Williams,* 538 P.3d 176, 183 (Okla. 2023). Here, the Complaint, FAC, and SAC, already pleaded the claims Lich Vu could have maintained had he lived. The TAC pleads the survival and death related consequences of those same claims.

The Tenth Circuit's decision in *Denver & R. G. W. R. Co. v. Clint* is consistent with that result. 235 F.2d 445 (10th Cir. 1956). There, the Tenth Circuit held that an amended death pleading related back because "[t]he parties were the same, the occurrence was the same, and in both pleadings the same negligence was pleaded as the proximate cause." *Id. at 447.* The same is true here. The parties are the same. The occurrence is the same. The alleged wrongful conduct is the same. The alleged injury mechanism is the same.

**VI. Brown and Schauf do not change the Rule 15(c) analysis.**

Defendants' reliance on *Brown v. Town of Valley Brook* and *Schauf v. GEO Grp., Inc.* does not change the Rule 15(c) analysis. As Plaintiff explained in Plaintiff's Reply Brief in Support of Motion for Leave to File a Third Amended Complaint (Doc. 46), *Brown* and *Schauf* are materially distinguishable.

*Brown* involved a state court request to apply 28 U.S.C. § 1367(d)'s tolling provision to claims that had never been asserted in the prior federal action. *Brown v. Town of Valley Brook,* No. 120,444 (Okla. Civ. App. Dec. 8, 2022) (unpublished). Section

1367(d) is not implicated here. Plaintiff is not asking a state court to toll a limitations period under § 1367(d).

*Schauf* involved adding a new defendant after the GTCA deadline. *Schauf v. GEO Grp., Inc.,* 2019 OK CIV APP 26, ¶¶ 10–15, 439 P.3d 442, 445–47. This case does not. Gibson and the City were defendants in the Complaint, FAC, and SAC, and they remain defendants in the TAC (Doc. 41-1).

Defendants' argument also depends on a label based pleading theory that federal pleading rules do not require. A complaint must plead facts showing entitlement to relief but it does not need to perfectly identify every legal theory arising from those facts. *Johnson v. City of Shelby,* 574 U.S. 10, 11–12 (2014) (per curiam). The Supreme Court has made clear that federal pleading rules do "not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Id.* at 11.

## VII. Relief Requested.

Plaintiff respectfully requests that the Court hold that the Third Amended Complaint (Doc. 41-1) relates back to the Complaint or at minimum to the SAC, grant Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 41), deem the Third Amended Complaint (Doc. 41-1) filed as of April 6, 2026, and grant such other and further relief as the Court deems just and proper.

**Respectfully Submitted,**

**/s/ *Devon M. Jacob***                                                    **Date: May 11, 2026**

**DEVON M. JACOB, ESQUIRE**
PA Bar Number: 89182
**JACOB LITIGATION, INC.**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com

*Plaintiff's Counsel*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAN THUY NGUYEN VU, personally, and as Personal Representative for the Estate of Lich Thanh Vu,      ) ) ) ) | |
|      **Plaintiff,**      ) ) | |
| **v.**      ) ) | **Case No. CIV-25-00426-JD** |
| JOSEPH D. GIBSON; and CITY OF OKLAHOMA CITY,      ) ) ) | |
|      **Defendants.**      ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I served a copy of Plaintiff's Opening Brief Regarding Relation Back Pursuant to Federal Rule of Civil Procedure 15(c) on all counsel of record via ECF.


/s/ *Devon M. Jacob*                                    **Date: May 11, 2026**
**DEVON M. JACOB, ESQUIRE**

9